UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT ROBINSON,

      Plaintiff,

      v.

SCOTT CHAPMAN; C.N.A. FORECLOSURE,

      Defendants.

No. 2:26-cv-01576-TLN-CKD

**ORDER**

Plaintiff Robert Robinson ("Plaintiff") brings this action against Defendants Scott Chapman and C.N.A. Foreclosure (collectively, "Defendants") alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, and common law fraud.  (ECF No. 1 at 4–5.)  Presently before the Court is Plaintiff's ex parte request for a temporary restraining order ("TRO") and preliminary injunction.  (*Id.* at 2, 5–7.)  For the reasons set forth below, Plaintiff's request is DENIED.

///

///

///

///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This action concerns the foreclosure of a property located at 3048 Rio Linda Blvd., Sacramento, California.  (ECF No. 1 at 8.)

According to the Complaint, Defendants "operate as an association-in-fact enterprise designed to strip equity from real property through fraudulent procedural manipulation." (*Id.* at 5.)  Plaintiff alleges that Defendants have engaged in "a pattern of fraudulent concealment and interest manipulation" that includes "hav[ing] conspired to execute a 'lockup' foreclosure by intentionally withholding a proper accounting of funds and failing to credit payments already received by Plaintiff." (*Id.* at 3–4.)  Plaintiff alleges that "Defendants have committed multiple acts of mail and wire fraud by sending deceptive statements that compounded interest upon interest while concealing material facts regarding the actual balance of the loan." (*Id.* at 4–5.)  As a result, Plaintiff contend Defendants' "foreclosure procedure is clearly erroneous as it is predicated on a debt amount that was fraudulently calculated and lacks an accounting of funds." (*Id.* at 8–9.)

Plaintiff filed this action on April 20, 2026.  (*Id.* at 1.)  In conjunction with his complaint, Plaintiff requests a TRO and preliminary injunction to halt a foreclosure sale scheduled for April 24, 2026.[1]  (*Id.* at 2–3.)

## II.   STANDARD OF LAW

Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008).  The purpose of a TRO is to preserve the status quo until a full hearing can be conducted. *See* Fed. R. Civ. P. 65.  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also*

---

[1]   Elsewhere in the complaint, Plaintiff states "[t]he foreclosure is set for May 7." (ECF No. 1 at 6.)

L.R. 231(a).

For a TRO or preliminary injunction to issue, Plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  Plaintiff must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). However, the Court may weigh Plaintiff's showing on each of the *Winter* factors using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where there are serious questions on the merits "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, if "serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in Plaintiff's favor in order to obtain preliminary relief. *Id.* at 1134–35.

### III.    ANALYSIS

The Court is unable to grant Plaintiff's request for a TRO or preliminary injunction for reasons both procedural and substantive.

First, Eastern District of California Local Rule 231(b) provides that "the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order."  Should the Court find such a delay, the Court may deny the requested TRO on that basis alone.  L.R. 231(b).

Plaintiff submitted his request for a TRO and preliminary injunction to enjoin the foreclosure sale of the subject property four days before the sale is scheduled to occur on April 24, 2026.  (ECF No. 1 at 2–3.)  Plaintiff fails to explain why he waited until four days before the foreclosure sale to seek emergency relief.  Plaintiff does not state how or when he became aware of the pending foreclosure sale, but he does allege Defendants have sent him "deceptive statements," which indicates he has received some form of communication from Defendants.  (*Id.* at 4–5.)  The few factual allegations contained in the complaint also appear to suggest Plaintiff

was aware that Defendants were intending to "execute a 'lockup' foreclosure[.]" (*Id.* at 4.) Based on the foregoing, the Court exercises its discretion under Local Rule 231(b) to deny Plaintiff's request for last-minute relief as Plaintiff's delay contradicts his allegations of irreparable injury. *See Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC*, No. CIV-S10-0864-LKK-JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying a TRO application solely based on Local Rule 231(b) because "plaintiff did not file the motion until four business days before the scheduled foreclosure sale"); *Avila v. Citi Mortg. Inc.*, No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (finding it appropriate to deny plaintiff's TRO request under Local Rule 231(b) because plaintiff failed to "explain why he waited until the last possible moment to attempt to block the sale").

Second, Plaintiff fails to establish he is likely to succeed on the merits of his claims. *Winter*, 555 U.S. at 20. With respect to this *Winter* factor, Plaintiff provides only one statement: "Defendants' refusal to credit received funds and their compounding of interest constitute 'unjust enrichment' and fraud." (ECF No. 1 at 6.) This single conclusory sentence, devoid of facts or evidence, is insufficient to demonstrate that Plaintiff is likely to succeed on the merits of his RICO or common law fraud claims. *See Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (explaining the elements of a civil RICO claim); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (explaining the elements of wire or mail fraud). Petitioner has failed to make a "clear showing" that he is entitled to relief. *Winter*, 555 U.S. at 22.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's request for a TRO and preliminary injunction is DENIED.

IT IS SO ORDERED.

Date: April 22, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE