UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ROBINSON,

Plaintiff,

v.

SCOTT CHAPMAN, et al.,

Defendants.

No. 2:26-cv-01576-TLN-CKD (PS)

FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE

Plaintiff Robert Robinson proceeds in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by Eastern District of California ("Local Rule") 302(c)(21). On April 20, 2026, plaintiff filed a complaint and a motion for a temporary restraining order. (ECF No. 1.) On April 22, 2026, the district court denied plaintiff's motion for a temporary restraining order. (ECF No. 4.) On August 13, 2026, the Court issued an order to show cause within fourteen (14) days why this case should not be dismissed for failure to prosecute. (ECF No. 10.) Plaintiff has not responded to the Court's orders, nor taken any action to prosecute this case. For the reasons that follow, the Court recommends that plaintiff's case be dismissed for failure to prosecute.

**I. Legal Standards**

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her

case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving *sua sponte* dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This Court's Local Rules are in accord. See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a District Court's local rules. See Ferdik, 963 F.2d at 1260. These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

## II. Analysis

Here, the first two factors weigh in favor of dismissal because this case was delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also favors dismissal because there is a rebuttable presumption of prejudice to defendants due to plaintiff's delay. In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) ("When considering prejudice to

the defendant, 'the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay.'" (alteration in original)). Plaintiff has failed to comply and respond to the Court's attempts to move this action forward and has not provided an excuse for the lack of compliance at this stage in the proceedings. The fifth factor also favors dismissal because the Court has already attempted less drastic alternatives. Specifically, after the passage of time to file a signed complaint, and no additional action from plaintiff, the Court attempted lesser sanctions and issued an order to show cause. However, plaintiff has failed to respond, leaving the Court with little alternative but to recommend dismissal.

As to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits. Therefore, after carefully evaluating the Ferdik factors, the Court concludes that dismissal is appropriate.

**III. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' claims be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

/////

/////

/////

/////

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 22, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, robi.26cv1576